UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EMMANUEL ALI E. P.,

               Petitioner,

     v.

WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,

               Respondents.

No. 1:26-cv-04394-RLP

ORDER GRANTING HABEAS PETITION

Before the Court is Petitioner Emmanuel Ali E. P.'s [1] ("Petitioner") petition for writ of habeas corpus, ECF No. 1. Petitioner challenges the lawfulness of his civil detention and seeks immediate release or, alternatively, a bond hearing. In opposition, Respondent contends Petitioner is an "applicant for admission" subject

---

[1]The Court omits Petitioner's full name to protect sensitive personal information.

ORDER GRANTING HABEAS PETITION ~ 1

to the mandatory detention scheme of 8 U.S.C. § 1225(b)(2). ECF No. 8. The Court disagrees. Accordingly, and as discussed below, Petitioner's petition for habeas corpus is granted.

BACKGROUND

Petitioner is a citizen of Nicaragua who entered the country near Eagle Pass, Texas on or around September 13, 2022. ECF No. 8-2 at 1. On the same date, he was paroled into the country with an I-94 due to detention capacity. ECF No. 8-1 at 3. On November 30, 2023, Petitioner was served a Form 220A Notice to Appear and was issued an Order of Release on Recognizance. ECF Nos. 8-2, 8-3. One of the conditions of release was that Petitioner "must not violate any local, State or Federal laws or ordinances." ECF on 8-3 at 1. An Addendum also required that Petitioner "not commit any crimes while on this Order of Release on Recognizance" and that "[a]ny violation of these conditions may result in you being taken into ICE custody and you being criminally prosecuted." *Id.* at 3.

On April 21, 2026, Petitioner pleaded "no contest" and was sentenced to 60 days in jail for the misdemeanors of Inflict Unjustifiable Pain/Mental Suffering and Exhibit Deadly Weapon Other than Firearm in Fresno County, California. *Id.* An immigration arrest warrant was issued on April 23, 2026. ECF No. 8-5. On May 1, 2026, Petitioner was about to be released from custody of the Fresno County Jail when he was taken into ICE custody. ECF No. 8-1 at 2. He is now detained at the

ORDER GRANTING HABEAS PETITION ~ 2

Golden State Annex.

Petitioner filed this Petition for writ of habeas corpus alleging that his detention without bond hearing is not legally justified and violates the Due Process Clause of the Fifth Amendment. ECF No. 1. He requests the Court order his release or a bond hearing. Respondents contend Petitioner is in immigration custody under the authority of 8 U.S.C. § 1225(b)(2)(A).

ANALYSIS

*Habeas Corpus*

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis,* 533 U.S. 678, 687 (2001).

*Fifth Amendment Due Process Clause*

The Fifth Amendment Due Process Clause ensures against the deprivation of

ORDER GRANTING HABEAS PETITION ~ 3

an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions,* 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). The clause extends also to immigration proceedings, including detention and deportation proceedings. *Id.* at 693–94.

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

a. *Protected Liberty Interest*

"Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas,* 533 U.S. at 690 (citing *Foucha v. Louisiana,* 504 U.S. 71 (1992)). "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a

ORDER GRANTING HABEAS PETITION ~ 4

protected interest in their liberty." *Pinchi v. Noem*, 792 F.Supp.3d 1025, 1032 (N.D. Cal. 2025).

The Court finds Petitioner has a clear liberty interest in his continued freedom protected by the Due Process Clause. Noncitizens maintain a well-established liberty interest in their freedom from detention. *Zadvydas*, 533 U.S. at 693. Accordingly, Court finds Petitioner has a liberty interest protected by the Constitution.

### b. Process Required

The Court is to consider three factors in determining the process required by the Constitution: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As to the first factor, Petitioner has a substantial private interest in his own liberty. Accordingly, this factor weighs in favor of finding Petitioner has a significant private interest that has been affected by his detention.

As to the second factor, the risk of erroneous deprivation of Petitioner's

ORDER GRANTING HABEAS PETITION ~ 5

liberty interest is considerable. Petitioner has not received any bond or custody determination. Because civil immigration detention is "nonpunitive in purpose and effect," due process requires that a "special justification" outweigh Petitioner's protected liberty interest. *Zadvydas*, 533 U.S. at 690. While "[t]he government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings," Petitioner has received virtually no procedural safeguards, which Respondents do not dispute. *Hernandez*, 872 F.3d 976. Accordingly, the second factor weighs in Petitioner's favor. *See A.E. v. Andrews*, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

As to the third factor, Respondents have not provided sufficient justification for detaining Petitioner. While the Court recognizes that the Government may have an interest in enforcement of immigration laws, its interest in continued detention without procedural protections is "low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019). The cost required to provide Petitioner procedural safeguards is minimal. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). Notice and custody determination hearings are routine processes for Respondents. Any burden associated with the provision of these processes does not outweigh Petitioner'' substantial liberty interest and the risk of erroneous deprivation.

All of the *Mathews* factors weigh in favor of Petitioner. The Court finds

ORDER GRANTING HABEAS PETITION ~ 6

Petitioner was entitled to notice and a hearing before a neutral decisionmaker before his detention but received neither. On this record, the *Mathews* factors demonstrate that the Fifth Amendment Due Process Clause entitles Petitioner to a bond hearing, at a minimum. *See Perera v. Jennings*, 599 F.Supp. 3d 736, 744 (N.D. Cal. 2022). Since he has not received a hearing, Petitioner's continued detention violates the Fifth Amendment Due Process Clause. In this instance, the proper remedy is to provide an opportunity for a bond hearing.

Lastly, it is noted that this noted that this Court joins countless other courts in concluding Respondents' contention that 8 U.S.C. § 1225(b) mandates Petitioner's continued detention without a bond hearing "(1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, 801 F.Supp.3d 1104, 1112 (E.D. Cal. 2025) (collecting cases). Accordingly, the fact that Petitioner did not challenge his custody under the terms of the INA is not fatal to his due process claim.

Accordingly, IT IS HEREBY ORDERED:

1.    Petitioner's Petition for Habeas Corpus, **ECF No. 1**, is **GRANTED.**

2.    Petitioner's Motion for Appointment of Counsel, **ECF No. 2**, is **DENIED AS MOOT.**

ORDER GRANTING HABEAS PETITION ~ 7

3.      **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondents **SHALL** provide Petitioner (A# 243137148) with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances, lack of criminal history, harm to his family, and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). If Respondents fail to provide a timely bond hearing in accordance with this order, Respondents are ordered to immediately release Petitioner.

4.      Within two days of the date of the bond hearing, Respondents are directed to file a notice in this court certifying compliance with this Order.

**IT IS SO ORDERED.** The Court Clerk shall enter this Order, issue judgment in favor of Petitioner, and CLOSE the file.

DATED July 14, 2026

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER GRANTING HABEAS PETITION ~ 8